# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 13 Proceedings |
| | ) | |
| AARON JOSEPH HURST, | ) | Case No.: 2:18-bk-03882-DPC |
| | ) | |
| _____ Reorganized Debtor. | ) | Adversary No. 2:18-ap-00282-DPC |
| KIMBERLY LAUREN HURST, | ) | |
| | ) | **UNDER ADVISEMENT RULING RE:** |
| Plaintiff, | ) | **MOTION AND COUNTER-MOTION** |
| | ) | **FOR SUMMARY JUDGMENT** |
| v. | ) | |
| | ) | |
| AARON JOSEPH HURST, | ) | **[NOT FOR PUBLICATION]** |
| | ) | |
| _____ Defendant. | ) | |

Before this Court are a Motion and Counter-Motion for Summary Judgment to determine whether a state court judgment for attorneys' fees is a domestic support obligation ("DSO"). Kimberly Lauren Hurst ("Ms. Hurst") holds a judgment ("Judgment") against Aaron Joseph Hurst ("Debtor") arising from a divorce case #FC2014-009478 ("Divorce Case") in the Superior Court of Arizona, Maricopa County ("State Court"). Ms. Hurst contends the Judgment is a DSO. Debtor contends the Judgment should not be treated as a DSO and is therefore dischargeable.

This Court now finds that, under the facts of this case, the Judgment is a DSO within the meaning of 11 U.S.C. § 101(14A).[1] The Judgment is non-dischargeable under § 523(a)(5).[2]

---

[1] Unless indicated otherwise, statutory citations refer to the U.S. Bankruptcy Code ("Code"), 11 U.S.C. §§ 101-1532 and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[2] This ruling (the "Order") constitutes this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

1

## I. BACKGROUND

1. A trial was held in the Divorce Case on September 22, 2016. The State Court heard testimony regarding a Petition Re: Contempt for Non-Payment of Child Support and Attorney Fees ("Petition for Contempt"). Ms. Hurst requested attorneys' fees against Debtor during those proceedings. Attorneys' fees were granted, in favor of Ms. Hurst, as reflected by the State Court's minute entry.[3]

2. The minute entry required a *China Doll* affidavit[4] supporting the claimed reasonableness of attorneys' fees.[5] Ms. Hurst filed the *China Doll* affidavit. Reply briefs followed.

3. On November 22, 2016, the State Court entered the Judgment[6] pursuant to A.R.S. § 25-324, awarding Ms. Hurst attorney's fees in the amount of $30,000 plus interest if not paid within 60 days of the Judgment.

4. On August 11, 2017, the State Court dissolved the parties' marriage.[7]

5. On April 12, 2018 ("Petition Date"), Debtor filed the instant voluntary Chapter 13 bankruptcy.[8]

6. On April 19, 2018, Debtor filed his chapter 13 plan ("Plan").[9] The Plan failed to acknowledge the Judgment as a DSO.

7. On July 23, 2018, Ms. Hurst initiated this Adversary Proceeding by filing her complaint ("Complaint")[10] against the Debtor. The Complaint seeks this Court's declaration that the Judgment is a DSO as defined by § 101(14)(A) and, therefore, not subject to discharge pursuant to §§ 1328(a) and 523(a)(5).

---

[3] Statement of Facts in Support of Summary Judgment Exhibit 2, page 22 ¶ 4-5. DE 12. Unless indicated otherwise, "DE" references a docket entry in this adversary proceeding ("Adversary Proceeding").
[4] A *China Doll* affidavit references an affidavit required by the case of *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183 (App. 1983) when a party seeks an award of attorney's fees.
[5] Statement of Facts in Support of Summary Judgment Exhibit 2, page 22 ¶ 6-7. DE 12.
[6] Statement of Facts in Support of Motion for Summary Judgment Exhibit 5. DE 12.
[7] Statement of Facts in Support of Motion for Summary Judgment Exhibit 1. DE 12.
[8] Admin DE 1. "Admin DE" references a docket entry in the administrative bankruptcy case.
[9] Admin DE 11.
[10] DE 1.

8.      On December 6, 2018, the Debtor filed a Motion for Summary Judgment ("MSJ")[11] and Debtor's Statement of Facts ("DSOF").[12]

9.      On December 28, 2018, Ms. Hurst filed a Response to the MSJ, a Counter-Motion for Summary Judgment ("CMSJ"), and a Statement of Facts ("PSOF").[13]

10.     On January 11, 2018, Debtor filed his Reply to Ms. Hurst's Response to MSJ ("DMSJ Response") and his Response to CMSJ ("CMSJ Response").[14] Additionally, Debtor filed a Response to PSOF.[15]

11.     On January 25, 2018, Ms. Hurst filed her Reply to CMSJ Response.[16]

12.     This Court heard oral arguments on the MSJ and CMSJ on March 18, 2018. The Court and parties agreed some additional information was necessary for the Court to make a final determination. The record was supplemented with additional information.[17]

13.     The Court heard continued oral arguments on April 22, 2018, and then took this matter under advisement.

## II.   JURISDICTION

Pursuant to 28 U.S.C. § 157(b)(2)(I), this Court has jurisdiction over the dischargeability issues presented by the parties.

## III.  ISSUE

Whether the Judgment is a DSO under § 101(14A) and, therefore, nondischargeable under § 523(a)(5).

---

[11] DE 11.
[12] DE 12.
[13] DE 15.
[14] DE 16.
[15] DE 17.
[16] DE 18.
[17] DE 21-23, 26.

3

# IV. ANALYSIS

"One of the 'main purpose[s]' of the federal bankruptcy system is 'to aid the unfortunate debtor by giving him a fresh start in life, free from debts, except of a certain character.'" *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1758 (2018) (quoting *Stellwagen v. Clum*, 245 U.S. 605, 617 (1918)). "To that end, the Bankruptcy Code contains broad provisions for the discharge of debts, subject to exceptions." *Id.* One such exception is "an overriding public policy favoring the enforcement of familial obligations." *Shaver v. Shaver,* 736 F.2d 1314, 1316 (9th Cir. 1984).

Section 523(a)(5) does not discharge an individual debtor from any debt "for a domestic support obligation[.]" Section 101(14A) defines the term "domestic support obligation," in relevant part, as:

> [A] debt that accrues before, on, or after the date of the order for relief in a case under this title…that is—
> (A) owed to or recoverable by—
>     (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative;
> …
>
> (B) in the nature of alimony, maintenance, or support…of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>     (i) a separation agreement, divorce decree, or property settlement agreement;
>     (ii) an order of a court of record…

"When determining whether a debt is within the § 523(a)(5) exception to discharge, a court considers whether the debt is 'actually in the nature of . . . support.'" *In re Chang*, 163 F.3d 1138, 1140 (9th Cir. 1998) (quoting *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir. 1984)). "This question is a factual determination made by the bankruptcy court as a matter of federal bankruptcy law." *Id.* "In the absence of a specific conflict with federal

4

law, we must look to state law to delineate the parties' state-created support obligations." *In re Catlow*, 633 F.2d 960, 962 (9th Cir. 1981).

Several factors guide courts in determining whether an award is actually in the nature of support. Those factors include: the recipient spouse's need for support, presence of minor children, an imbalance in the relative income of the parties, and the intent of the state court. *See In re Gionis*, 170 B.R. 675, 682 (B.A.P. 9th Cir. 1994), *aff'd*, 92 F.3d 1192 (9th Cir. 1996). Furthermore, "[a] relevant factor for the bankruptcy court to consider when making this determination is how the particular state law characterizes the debt." *In re Chang*, 163 F.3d at 1140 (citing *In re Catlow*, 663 F.2d 960, 962-63 (9th Cir. 1981).

"The Arizona superior court has authority under A.R.S. § 25-324 to award attorney's fees and costs in custody disputes[.]" *In re Jarski*, 301 B.R. 342, 346 (Bankr. D. Ariz. 2003). Here, the Judgment is an award of attorney's fees and costs pursuant to A.R.S. § 25-324, which states:

> A. The court from time to time, after considering the financial resources of both parties and the reasonableness of the positions each party has taken through the proceedings, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter or chapter 4, article 1 of this title. On request of a party or another court of competent jurisdiction, the court shall make specific findings concerning the portions of any award of fees and expense that are based on consideration of financial resources and that are based on consideration of reasonableness of positions. The court may make these findings before, during or after the issuance of a fee award.
>
> B. If the court determines that a party filed a petition under one of the following circumstances, the court shall award reasonable costs and attorney fees to the other party:
>    1. The petition was not filed in good faith.
>    2. The petition was not grounded in fact or based on law.

3. The petition was filed for an improper purpose such as to harass the other party, to cause an unnecessary delay or to increase the cost of litigation to the other party.

. . . .

In summary, under A.R.S. § 25-324(A) a court must consider two elements when determining whether to award attorneys' fees: (1) the financial resources of both parties and (2) the reasonableness of the positions each party has taken in the proceedings. Under A.R.S. § 25-324(B), fee awards must be made under certain circumstances but without regard to a parties' financial resources.

A party objecting to the bankruptcy discharge "bears the burden of proving by a preponderance of the evidence that [the debtor's] discharge should be denied." *In re Retz*, 606 F.3d 1189, 1196 (9th Cir. 2010) (quoting *Khalil v. Developers Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163, 172 (B.A.P. 9th Cir. 2007)). However, "[t]he Ninth Circuit has recognized that a presumption exists that fees awarded under [A.R.S. § 25-324(A)] in matters involving child custody or child support are considered in the nature of child support unless the record reflects otherwise." *In re Bradshaw*, Adversary Case No. 06-00245, 2007 WL 2460619, at *1 (Bankr. D. Ariz. Aug. 24, 2007) (citing *See In re Chang*, 163 F.3d at 1141; *In re Catlow*, 663 F.2d 960; *In re Jarski*, 301 B.R. at 347). "In order for an award of attorneys' fees to be presumed to be a DSO, the award must have been entered in a matter involving child custody or support, and the award must have been entered pursuant to A.R.S. § 25-324(A)." *Matter of Sodergren*, No. 2:16-BK-12689-SHG, 2018 WL 4304582, at *6 (D. Ariz. Sep. 10, 2018).

The first prong of the § 25-324(A) test is met here. The parties agree that the Judgment was entered in a domestic relations proceeding involving child support[18] and child custody.[19] The principal issue is whether the Judgment was entered pursuant to

---

[18] Plaintiff's Complaint, ¶ 9 (DE 1) and Debtor's Answer ¶ 9 (DE 5).
[19] Plaintiff's Complaint, ¶ 11 (DE 1) and Debtor's Answer ¶ 11 (DE 5).

Case 2:18-ap-00282-DPC    Doc 27    Filed 05/24/19    Entered 05/24/19 16:08:40    Desc
Main Document    Page 6 of 11

A.R.S. § 25-324(A) or (B). If the Judgment was entered pursuant to A.R.S § 25-324(A), a presumption arises that the attorneys' fees are a DSO. However, no such presumption arises if the Judgment was entered pursuant to A.R.S. § 25-324(B). *See Matter of Sodergren*, No. 2:16-BK-12689-SHG, 2018 WL 4304582, at 3 (D. Ariz. Sep. 10, 2018).

At trial in the Divorce Case, the State Court heard extensive testimony regarding Ms. Hurst's Petition for Contempt.[20] Ms. Hurst's Petition for Contempt alleged that Debtor failed to provide for the payment of attorneys' fees and child support payments in violation of the State Court's previous May 29, 2015 under advisement order.[21] In addition to the previously submitted child support worksheets and child support payment histories, the State Court admitted various financial affidavits from both Ms. Hurst and Debtor. The State Court heard testimony regarding the financial disparity between Ms. Hurst and Debtor. In its ruling, the State Court numerous times discussed the relative financial positions of the parties.[22] The State Court also discussed the unreasonable positions taken by Debtor and expressly stated that "…a trial could have been avoided…"[23]

The State Court did not explicitly specify in the Judgment under which subsection of A.R.S. § 25-324 it awarded Ms. Hurst the attorneys' fees and costs at issue. However, during the Divorce Case trial, the State Court found and awarded attorneys' fees and costs for Ms. Hurst. The State Court specifically stated:

> There is a **financial disparity**. I think that the behavior of not supporting your children for actually months, and then only really at times nominally supporting them, I think **was unreasonable**. And the violation of the courts orders, that's unreasonable. And so I am going to grant Mother's request for attorney's fees.[24] (emphasis added).

---

[20] Plaintiff's Supplement to the Record, Exhibits F and G (DE 21).
[21] *Id.*
[22] DSOF Exhibit 2 (DE 12).
[23] *Id.* at 23.
[24] *Id*. at 22-23.

7

The State Court specifically mentioned both elements of A.R.S. § 25-324(A) when it granted Ms. Hurst attorneys; fees in the State Court action. Thereafter, the State Court requested a *China Doll* affidavit and responses stating, "I'll obviously take into consideration the – you know, the finances of the parties and all."[25] All parties agree that the financial disparity is significant here. The State Court found Debtor's gross income was $7,642 per month, and Ms. Hurst's gross income was $0.[26] The State Court awarded Ms. Hurst spousal maintenance of $1,750 per month and $570.86 per month in child support.[27]

Ms. Hurst's attorney's *China Doll* affidavit was used by the State Court to determine the reasonableness of fees charged. Ms. Hurst had the burden of presenting an affidavit indicating "the type of legal services provided, the date the service was provided, the attorney providing the service (if more than one attorney was involved in the appeal), and the time spent in providing the service." *Weinstein v. Weinstein*, 235 Ariz. 40, 52, 326 P.3d 307, 319 (Ct. App. 2014) (citing *Schweiger v. China Doll Rest. Inc.*, 138 Ariz. 183, 188, 673 P.2d 927, 932 (App. 1983).

The Debtor urged the Court to look at the *China Doll* affidavit and briefs filed by Ms. Hurst, after the State Court awarded attorney's fees at trial, to ascertain the basis for the attorneys' fee award. The Debtor argues Ms. Hurst's State Court fee application was devoid of references to financial need. Therefore, Debtor contends, the fee award must have been intended by the State Court as a sanction and Ms. Hurst has not met her burden of demonstrating that the fee award was based upon A.R.S. §25-324(A) alone. Debtor relies heavily on *Sodergren* for this proposition.

*Sodergren* involved a vague state court explanation for its fee award. 2018 WL 4304582 at *3. In *Sodergren,* a domestic dispute arose wherein attorney's fees were

---

[25] DSOF Exhibit 2, page 23 (DE 12).
[26] PSOF Exhibit A (DE 15).
[27] DSOF Exhibit 1 (DE 12).

awarded in a matter involving child support. *Id.* at *1. The judgment "simply states that it is being entered pursuant to [the] application for fees and costs, and the response and reply thereto, and sets out the amount of the award." *Id.* at *3. Judge Gan placed significant emphasis on the application for fees and costs in determining the state court's intent. *Id.* at *4.

Unlike the vague state court judgment in *Sodergren*, the State Court in the Divorce Case issued the Judgment in an under advisement ruling explaining,

> THE COURT FINDS Petition/Father's conduct has **been unreasonable** under A.R.S. §25-324 **and** there is **financial disparity** between the parties with Respondent/Mother having less financial resources than Petition/Father.[28] (Emphasis added).

Ms. Hurst argues, and this Court agrees, that the State Court already determined Ms. Hurst's financial need during an earlier trial, considered it when reviewing the *China Doll* affidavit, and expressly referenced the financial disparity in the Judgment.

The Debtor further argues that the attorneys' fees at issue were not <u>solely</u> based upon the relative financial resources of the parties so the fee award was not in the nature of support and was not a DSO[29]. However, A.R.S. § 25-324(A) incorporates consideration of the (1) parties' financial resources <u>and</u> (2) reasonableness of positions of the parties' respective positions during the litigation. The record is clear that the State Court considered both the financial resources of the parties and the reasonableness of the parties' position during litigation. Every mention of the attorneys' fees awarded by the State Court expressly references both prongs of A.R.S. § 25-324(A) even if subsection (A) was not explicitly referenced.

---

[28] DSOF Exhibit 5 (DE 12).
[29] DE 11.

9

Based on the above, the Court holds that the State Court Judgment was entered pursuant to A.R.S. § 25-324(A). Since the Judgment was also entered in a matter involving child custody and child support, the presumption is that the Judgment is a non-dischargeable DSO under § 523(a)(5). The burden of proof is then shifted to the Debtor to rebut the presumption. As was stated by the court in *Jarski*,

> With Arizona's statutory requirement that custody disputes be resolved in the "best interests of the child," and that any award of attorney's fees must be based upon consideration of "the financial resources of both parties and the reasonableness of the positions each party has taken" in the child custody dispute, it would take a strong showing by the Debtor to demonstrate that an award of attorneys fees was intended to be, or in fact was, something other than in the nature of support for the child. Perhaps such a showing could be made if the fees were awarded purely as a sanction.

301 B.R. at 347.

Debtor failed to rebut the presumption and, therefore, failed to meet the burden that shifted to him. Although the Debtor contends the Judgment must have been purely a sanction against him, the facts do not support such a finding. In addition to imposing the Judgment, the State Court imposed specific misconduct sanctions against the Debtor. The State Court specifically found the Debtor in contempt for failure to comply with a valid award of attorneys' fees and child support in favor of Ms. Hurst.[30] Additionally, the Debtor violated a preliminary injunction and was required to pay a monetary award to Ms. Hurst for the resulting damages that derived from the Debtor's conduct.[31] These separate sanctions support Ms. Hurst's argument that the State Court sanctioned the Debtor outside of the Judgment and that the Judgment was not intended as a sanction. Furthermore, during the State Court trial and in its Judgment the State Court expressly noted the attorneys' fees award was due to the Debtor's unreasonable conduct and the financial disparity of the parties. The Debtor carries the burden of providing a strong showing that

---

[30] PSOF Exhibit B, page 4 (DE 15).
[31] DSOF Exhibit 1, page 6, 11 (DE 12).

10

the Judgment was something other than in the nature of support for the child. The evidence put forth does not supply the requisite showing that the Judgment was not in the nature of support or purely as a sanction.

Although Debtor argues that the State Court trial involved several issues including, but not limited to child support and therefore the presumption created in *In re Catlow* should not arise, the Court disagrees. Ms. Hurst needed to bring the Petition for Contempt because Debtor failed to comply with the State Court's May 29, 2015 Under Advisement Ruling.[32] The May 29, 2015 Under Advisement Ruling directly relates to child custody[33] and child support.[34] Debtor's failure to make the required child support payments and $5,000 payment for attorneys' fees is what caused Ms. Hurst to file the Petition for Contempt and incur the additional attorneys' fees awarded to Ms. Hurst in the Judgment.

## V.    CONCLUSION

Based on the foregoing, this Court determines the State Court's Judgment against the Debtor was a DSO under § 101(14A). As a DSO, the Judgment is non-dischargeable under § 523(a)(5). Ms. Hurst's counsel is directed to upload a form of judgment consistent with this Under Advisement Ruling.

**DATED AND SIGNED ABOVE.**

COPY of the foregoing mailed by the BNC and/or
sent by auto-generated mail to interested parties.

---

[32] Plaintiff's Supplement to the Record, Exhibits E and F (DE 21).
[33] *Id.* at Ex. E, page 1 ("**IT IS FURTHER ORDERED** affirming the Court's April 16, 2015 Orders regarding parenting time.")
[34] *Id.* at Ex. E, page 2 ("**IT IS FURTHER ORDERED** that Father shall pay to Mother as and for child support the sum of **$1,871.80** per month…)